## Huberman's, Inc., v. Barsky et al.

*Edwin S. Malmed*, for plaintiff.

*Jay D. Barsky* and *Harry O. Weinburg*, for defendants.

FLOOD, J., June 12, 1950.—The preliminary injunction must be refused, because plaintiff has no standing to bring this bill.

The suit is brought under the Pennsylvania Fair Trade Act of June 5, 1935, P. L. 266, as amended by the Act of June 12, 1941, P. L. 128, 73 PS §7. Under the Act of 1935 violations of the act were actionable "at the suit of any person damaged thereby". The Amendment of 1941, however, restricts enforcement to the vendor under any contract relating to resale of

a commodity, to the buyer thereunder or any purchaser from such buyer. Plaintiff corporation, as a leader in such commodity is bound by any such contract under the act, even though it is not party to it. Under the original Act of 1935 plaintiff would have been a party damaged by a price-cutter and presumably could have sued to enjoin price cutting. The Amendment of 1941, however, gives it no such right, since plaintiff is itself neither the vendor nor the buyer mentioned in the act nor a purchaser from such buyer. Under the amendment, apparently, dealers, such as plaintiff, must rely upon the vendor to protect them against price cutting unless the buyer or purchasers mentioned in the act take it upon themselves to do so.

The preliminary injunction is refused.

### Opinion Sur Preliminary Objections

FLOOD, J., June 22, 1950.—The preliminary objections must be sustained for the reasons set forth in the opinion heretofore filed by Flood, J., upon the application for preliminary injunction.

Plaintiff argues that if the Amendment of 1941 takes away the right of action of some of the persons given that right by the Act of 1935, it is invalid because it gives no notice of this deprivation in its title. However, the title reads in part as follows:

"An act to amend . . . by extending the provisions thereof to vending equipment used in distributing such articles, and further defining parties having a right of action for unfair competition."

The word "define" means "to state exactly what (a thing) is; to set forth, to explain the essential nature of": Oxford Dictionary. This is precisely what this act does with regard to the parties who can bring suit. The fact that it defines them more narrowly than did the original Act of 1935 does not in our opinion make

any difference. The title does cover the limitation of the parties who may sue and the amending act is therefore constitutional.

The preliminary objections are sustained.